**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
(212) 752-8000
(212) 752-8393 Facsimile
Leo V. Leyva, Esq.
Ilana Volkov, Esq.
James Kim, Esq.

*Attorneys for Ladder Capital Finance LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Armstrong New West Retail LLC,[1] | Case No. 16-23086 (RDD) |
| Debtor. | |

**MOTION OF LADDER CAPITAL FINANCE LLC FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY RULE 2004**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

  Ladder Capital Finance LLC ("**Lender**"), by and through its undersigned counsel, hereby files this motion (the "**Motion**") for entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Rules**"), substantially in the form attached as **Exhibit A**, authorizing upon no less than seven (7) days' notice the issuance of a subpoena for deposition testimony and production of documents to the Debtor, Armstrong New West Retail LLC ("**Debtor**"). Lender is a secured creditor of the Debtor pursuant to a promissory note in the original principal amount of $21,000,000, dated July 20, 2015, a loan agreement, mortgage, and related loan documents.

---

[1] The last four digits of Debtor's federal taxpayer identification number are 2012.

**JURISDICTION**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On August 11, 2016, Debtor filed a voluntary petition for relief pursuant to chapter 11 of Title 11, United States Code (the "**Petition**"). The Petition is signed by Benjamin Ringel, as sole equity member of AC NW Retail Investment LLC, the Debtor's sole member. By signing the Petition, Mr. Ringel declared under penalty of perjury that he was "authorized to file this petition on behalf of the debtor."  (See Petition.")

3. Attached to the Petition is a Certification of Resolution, whereby Mr. Ringel certifies that on August 9, 2016, the Debtor "duly called and held" a meeting wherein a resolution was adopted that authorized Mr. Ringel to execute and file the Petition and all other papers necessary or proper to seek relief under Chapter 11 of Title 11 of the United States Code. (See Certification of Resolution.)  Mr. Ringel's Certification is inadequate to determine if Debtor had the requisite authority to file the Petition.

4. Specifically, pursuant to Section 9 of the Debtor's Limited Liability Company Agreement (the "**LLC Agreement**"), neither Mr. Ringel, as the sole equity member of AC NW Retail Investment LLC (the "**Member**"), nor the board of directors (the "**Board**") appointed by the Member, nor any other person,

> shall be authorized or empowered, nor shall they permit the [Debtor] to, and the [Debtor] shall not, without the prior unanimous written consent of the Member and the Board (including all Independent Directors), take any Bankruptcy Action [including without limitation filing a Chapter 11 Petition], provided however, that the Board may not vote on, or authorize the

2

>taking of, any Bankruptcy Action, unless there is at least one Independent Director then serving in such capacity.
>
>[See LLC Agreement, § 9(j)(iii)(a).]

5. Independent Directors are appointed to serve on the Board in accordance with Section 10 of the LLC Agreement.

6. Mr. Ringel's Certification of Resolution does not indicate whether any Independent Directors were appointed to the Board, whether any Independent Directors were present at the August 9, 2016 meeting, nor whether any Independent Directors authorized the filing of the Petition in writing, as required by the Agreement. Absent such a showing, the Debtor would not have had the requisite authority to commence this Chapter 11 case and, therefore, the Petition should be dismissed. Discovery is necessary to investigate the threshold issue of whether the Debtor was authorized to file the Petition.

7. In the event the Petition was duly authorized, it is critical for the Lender to take other discovery from the Debtor as the Lender has reason to believe that this case was filed in bad faith, solely to prevent the Lender from exercising its contractual and state law rights and remedies, including Lender's UCC foreclosure sale which was scheduled for August 10, 2016 – the day after the Petition was filed.

8. Debtor is a single asset real estate entity, whose sole asset is the commercial condominium unit located at 250 West 90th Street, New York, New York (the "**Property**"). Lender has a mortgage on the Property. The Property is currently vacant and, therefore, Debtor has no rental income therefrom. Given the lack of resources, it is unknown whether Debtor has adequate insurance coverage, is paying real estate taxes, or otherwise is maintaining the Property and properly protecting Lender's interest therein.

9. To investigate these critical, threshold issues, Lender seeks authorization to issue a subpoena, substantially in the form of **Exhibit B**, requiring Debtor to appear at a deposition upon no less than seven (7) days' written notice and to testify and produce certain limited categories of documents.

## RELIEF REQUESTED

10. Lender seeks the entry of an order under Rule 2004 of the Bankruptcy Rules, substantially in the form attached as **Exhibit A**, compelling the production of documents and the testimony of the Debtor's corporate representative, as requested in the Subpoena attached as **Exhibit B** .

## BASIS FOR RELIEF REQUESTED

11. Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Pursuant to Rule 2004, a party in interest may seek both documents and oral discovery related to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Rule 2004(b), (c).

12. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (citing In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)); In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate … and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.') (quoting In re Strecker, 251 B.R. 878, 882 (Bankr. D. Colo. 2000) and citing Bennett Funding, 203 B.R. at 28). See also In re Countrywide

4

Home Loans, Inc., 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiry into any matter that may affect administration of estate "comfortably falls within the allowed limits under Rule 2004"); In re Lufkin, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (purpose of Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors").

13. Unlike discovery under the Federal Rules of Civil Procedure, discovery under Rule 2004 can be used as a "pre-litigation discovery device." In re Wilson, No. 07-11862, 2009 WL 304672, at *5 (Bankr. E.D. La. Feb. 6, 2009). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." In re Almatis, No. 10-12308, 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010) (Glenn, J.); 9 Collier on Bankruptcy §§ 2004.01-2004.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). Consequently, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties. In re Symington, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

14. The scope of a Rule 2004 examination is broader than that of discovery under the Federal Rules of Civil Procedure. In re Ecam Publications, Inc., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure."). Courts have recognized that Rule 2004 examinations may be "broad [and] unfettered." In re Countrywide Home Loans, Inc., 384 B.R. at 400. Indeed, "it is well settled that the scope of examination allowed under Rule 2004 … may be in the nature of a 'fishing expedition.'" In re Hughes, 281 B.R. 224, 226

5

(Bankr. S.D.N.Y. 2002); Enron Corp., 281 B.R. at 840. See also In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (E.D. Pa. 1990).

15. The decision whether to authorize the requested discovery rests within the discretion of the bankruptcy court. See, e.g., In re Hammond, 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992). Relief may be granted on an *ex parte* basis. In re Symington, 209 B.R. at 688 ("Rule 2004 motions are generally granted *ex parte*").

16. Although Rule 2004 discovery can properly go on a broad and unfettered "fishing expedition," the information sought by Lender is **narrowly tailored** to certain key issues that are critical to the protection of the Lender's rights. Specifically, Lender seeks Rule 2004 discovery to investigate, first and foremost, whether the Debtor was authorized to file the Petition in the first instance. As set forth above, the Certification of Resolution is grossly inadequate to establish that the filing of the petition was authorized. Whether the Petition was properly filed is a critical threshold issue, the resolution of which may result in the imminent dismissal of this case, which would avoid a significant and avoidable burden on the Court's and the parties' resources.

17. Moreover, Lender seeks to investigate whether the Petition was filed in bad faith and whether the Lender's interest in the Property is adequately protected.

18. The requested relief is well within the scope of Rule 2004 because it would authorize the Lender to "determin[e] the nature and extent of the bankruptcy estate, reveal[] assets, examin[e] transactions and assess[] whether wrongdoing has occurred." Recoton, 307 B.R. at 755.

19. Accordingly, for the reasons and authority stated herein, the Lender respectfully requests that the Court grant the Motion.

## NOTICE

20. As set forth above, Rule 2004 motions are generally granted *ex parte*. Thus, Lender respectfully submits that no other or further notice need be provide for this Court to grant the requested relief.

WHEREFORE, Lender respectfully requests that this Court (i) enter an order substantially in the form attached as **Exhibit A** granting the relief sought herein, and (ii) grant such other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
August 12, 2016

                                        COLE SCHOTZ P.C.

                                        */s/ Ilana Volkov*
                                        Ilana Volkov
                                        1325 Avenue of the Americas, 19th Floor
                                        New York, New York 10019
                                        Telephone: (212) 752-8000

                                        *Attorneys for Ladder Capital Finance LLC*