UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| In Re | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | Case No. 15-23007 (RDD) |
| | (Jointly Administered) |
| Debtors | |

------------------------------------------------------------X

| | |
|---|---|
| In Re | Chapter 11 |
| AC NW RETAIL INVESTMENT LLC and | Case No. 16-23085 and 16-23086 (RDD) |
| ARMSTRONG NEW WEST RETAIL LLC, | |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------X

## STIPULATION AND ORDER RESOLVING CLAIMS BY AND BETWEEN A&P DEBTORS, ARMSTRONG DEBTORS AND AC I SOUTHWEST BROADWAY, LLC

This Stipulation and Order is entered into by and between (i) the debtors and debtor in possession in the chapter 11 cases of *The Great Atlantic & Pacific Tea Company, Inc., et al.*, jointly administered under case number 16-23007 (RDD) (the "A&P Debtors"), (ii) the debtors and debtors in possession in the chapter 11 cases jointly administered under case numbers 16-23085 (RDD) and 16-23086 (RDD) (collectively the "Armstrong Debtors"), and (iii) AC I Southwest Broadway, LLC, predecessor in interest to Armstrong New West Retail, LLC, (the "Claimant" and together with the A&P Debtors and Armstrong Debtors each a "Party" and collectively the "Parties"), in each case by and through its undersigned counsel.

### R E C I T A L S

**WHEREAS**, certain of the A&P Debtors and the Claimant executed that certain lease agreement, dated February 18, 2005 (as amended the "Lease") respecting the retail premises located at 250 West 90th Street, New York, New York (the "Leased Premises");

{00837516.DOCX;1 }

**WHEREAS**, on July 19, 2015 (the "Petition Date") each of the A&P Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code");

**WHEREAS**, no later than March 4, 2016, the Lease was rejected pursuant to section 365(d)(4) of the Bankruptcy Code;

**WHEREAS**, on or about March 28, 2016, the Claimant filed one proof of administrative expense claim, and two proofs of general unsecured claim, assigned claims numbers 9559, 9561, and 9562, respectively (collectively, the "Filed Claims"), asserting claims against the A&P Debtors arising from or in connection with the Lease, including, but not limited to monies payable by A&P Debtors to the New York City Department of Finance (the "Department of Finance") on behalf of the Claimant.  For the avoidance of doubt, the Filed Claims are collectively annexed hereto as Exhibit A;

**WHEREAS**, on May 18, 2016, the A&P Debtors initiated adversary proceeding number 16-08224 (RDD) (the "Adversary Proceeding") by filing a complaint (the "Complaint") against, *inter alia,* the Claimant, seeking damages arising from the A&P Debtors' efforts to assign the Lease to a third party for value;

**WHEREAS**, Claimant filed a motion to dismiss the Complaint (the "Motion to Dismiss"), which the A&P Debtors opposed and which the Court heard on July 14, 2016;

**WHEREAS**, on May 20, 2016, the A&P Debtors filed their *Eleventh Omnibus Objection to Claims* [Docket No. 2826] (the "Claim Objection") which included an objection to one of the Filed Claims;

**WHEREAS**, on June 10, 2016, the Claimant filed a timely opposition to the Claim Objection;

**WHEREAS**, as of the date hereof, the Motion to Dismiss and the Claim Objection remain pending;

WHEREAS, subsequent to the Petition Date, the Armstrong Debtors succeeded to the ownership of the Leased Premises (subject to the Lease);

**WHEREAS**, on August 9, 2016, the Armstrong Debtors each filed chapter 11 petitions in this Court (cases numbered 16-23085 and 16-23086, respectively);

**WHEREAS**, AC NW Retail Investment LLC is the 100% owner of Armstrong New West Retail LLC, the successor in interest to the Claimant, whose interests in the Leased Premises are protected by the automatic stay generally applicable to the Armstrong Debtors under section 362(a) of the Bankruptcy Code; and

**WHEREAS**, notwithstanding the Automatic Stay, the Claimant and the Armstrong Debtors wish to resolve all possible claims which they ever had, have or may have against the A&P Debtors concerning the Leased Premises by virtue of this Stipulation and Order.

NOW THEREFORE, in consideration of the mutual promises stated herein, and for other consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties agree, as follows:

1.    Within five (5) business days of the Entry Date (defined below), the A&P Debtors shall provide to counsel for the Armstrong Debtors by overnight mail a certified check payable to the Department of Finance in the amount of $142,500 (the "Settlement Amount"). Upon receiving the Settlement Amount, Armstrong Debtors counsel shall confirm receipt via electronic mail to counsel for the A&P Debtors.  The date on which Claimant's counsel receives the Settlement Amount is referred to herein as the "Effective Date."

2.      Nothing herein shall be construed to create or to evidence any privity of contract between the A&P Debtors and Department of Finance related to the Lease, it being recognized that A&P Debtors' issuance to Armstrong Debtors counsel of a check payable to the Department of Finance is directed by and for Armstrong Debtors' convenience.   For the avoidance of doubt, A&P Debtors shall have no liability or further obligation beyond the terms of this Stipulation and Order in the event Armstrong Debtors fail to properly remit or apply the Settlement Amount to any accounts or obligations owed by the Armstrong Debtors to the Department of Finance.

3.      On the Effective Date, each of the Filed Claims shall be deemed withdrawn by Claimant with prejudice and the claims agent in the A&P Debtors' cases shall be authorized to expunge the Filed Claims from the official claims register maintained in the A&P Debtors' cases.   Claimant shall cooperate with A&P Debtors and the claims agent to the extent necessary to expunge the Filed Claims including, without limitation, in accordance with the foregoing sentence.

4.      Within five (5) business days after the Effective Date, the A&P Debtors and the Claimant shall enter into and file a stipulation, and/or otherwise take any other action as may be necessary and/or appropriate, to dismiss with prejudice those counts of the Complaint that assert causes of action against the Claimant, without prejudice to the maintenance of the Adversary Proceeding against its remaining defendant.   The Parties acknowledge that A&P Debtors' execution of this Stipulation and Order does not constitute an admission of any liability, fault or wrongdoing by the A&P Debtors concerning the subject matter of the Adversary Proceeding, including, without limitation, the Lease and Leased Premises.

5.       A&P Debtors' payment of the Settlement Amount as set forth above shall be in full and final satisfaction of any and all claims among or between the Claimant, Armstrong Debtors and A&P Debtors arising from or related to: (a) the Lease and/or Leased Premises, including, without limitation, its rejection by the A&P Debtors; and (b) the Adversary Proceeding and any claims or counterclaims that have or could have been brought in connection therewith by the Armstrong Debtors and/or Claimant, including any claims or counterclaims held by any successors or assigns including, without limitation, the Armstrong Debtors.

6.       Upon the Effective Date, without further acts, each of the Armstrong Debtors and Claimant hereby releases and forever discharges the A&P Debtors and each of their respective bankruptcy estates, legal predecessors, successors and assigns, officers, directors, shareholders, affiliates, representatives, agents, servants, employees, and attorneys (collectively the "A&P Releasees") of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, which each of the Armstrong Debtors and/or Claimant ever had, now has, or may hereafter have, against the A&P Releasees, save and except for the rights and claims created or reserved by this Stipulation and Order.

7.       Upon the Effective Date, without further acts, the A&P Debtors hereby release and forever discharge each of the Armstrong Debtors and Claimant, and each of their respective bankruptcy estates, legal predecessors, successors and assigns, officers, directors, shareholders, affiliates, representatives, agents, servants, employees, and attorneys (collectively the "Armstrong Releasees"), of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, which the A&P Debtors ever had, now have, or may hereafter have, against

the Armstrong Releasees, save and except for the rights and claims created or reserved by this Stipulation and Order.

8.      The automatic stay otherwise applicable to any of the Parties is hereby modified to the extent necessary or required to permit the approval and implementation of this Stipulation and Order, including, without limitation, the mutual full and general releases to be provided and to become effective without further action on the Effective Date.

9.      The Parties shall promptly and cooperatively seek the "so ordering" of this Stipulation and Order and its entry in each of the dockets of the above-captioned cases (the date following entry on which the appeal period set forth in F.R.B.P. 8002(a)(1) expires, the "Entry Date").  Except for the foregoing sentence, nothing herein shall be binding on the A&P Debtors, Armstrong Debtors or Claimant unless and until the Entry Date occurs.

10.     The Court shall retain jurisdiction with respect to the enforcement of this Stipulation and Order.

11.     Each of the undersigned counsel represents that they are duly-authorized to execute this Stipulation and Order on behalf of the applicable Party or Parties.

12.     This Stipulation and Order may be executed simultaneously in one or more counterparts, and by different parties hereto in separate counterparts, and with facsimile signatures or emailed signatures in PDF format, being deemed originals, each of which, when executed, shall be deemed an original, but all of which taken together shall constitute one and the same instrument.


**[Remainder of page left blank]**

Dated:  New York, New York
       January 24, 2017

**CHAPMAN AND CUTLER LLP**

By: /s/ Steven Wilamowsky
Steven Wilamowsky
1270 Avenue of the Americas
New York, New York 10020
T: (212) 655-2532
F: (212) 655-3332
wilamowsky@chapman.com
*Attorneys for Claimant*

Dated:  New York, New York
       January 24, 2017

**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.**

By: /s/ A. Mitchell Greene
A. Mitchell Greene
875 Third Avenue
New York, New York 10022
T: (212) 603-6300
F: (212) 956-2164
amg@robinsonbrog.com
*Attorneys for Armstrong Debtors*

Dated:  New York, New York
       January 24, 2017

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Salvatore A. Romanello
Salvatore A. Romanello
Matthew R. Friedenberg
767 Fifth Avenue
New York, New York 10153
T: (212) 310-8000
F: (212) 310-8007
salvatore.romanello@weil.com
matthew.friedenberg@weil.com
*Attorneys for A&P Debtors*

SO-ORDERED THIS
30th DAY OF JANUARY 2017

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE